[No. B198455. Second Dist., Div. Six. Mar. 6, 2008.]

CALIFORNIA BACK SPECIALISTS MEDICAL GROUP et al., Plaintiffs and Respondents, v.
GARY RAND, Defendant and Appellant.

COUNSEL

Timothy D. Rand-Lewis for Defendant and Appellant.

Beverly Hills Law Associates and Stephen M. Losh for Plaintiffs and Respondents.

OPINION

COFFEE, J.—Appellant Gary Rand appeals from an order denying his special motion to strike the complaint of California Back Specialists Medical Group, Conejo Neurological Group, Inc., doing business as Medical Imaging Medical Group, Conejo Neurological Group, Inc., and Thousand Oaks Spine Medical Group, Inc. (CBSMG), as a SLAPP suit (strategic lawsuit against public participation) pursuant to Code of Civil Procedure section 425.16.[1]

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

Appellant contends that (1) CBSMG's complaint arose from protected activity, (2) CBSMG did not establish a probability of prevailing, and (3) the court's award of attorney fees to CBSMG was unauthorized. We affirm. Appellant did not meet his burden of showing that CBSMG's lawsuit arose from protected activity and the fee award was authorized.

*Factual and Procedural Background*

Appellant is an attorney. His clients, Frank and Mona Beltran (the Beltrans), were injured in automobile accidents in 1997 and 1998. CBSMG provided their medical treatment, pursuant to liens on their personal injury actions. Appellant represented the Beltrans in the underlying personal injury actions. The personal injury actions were resolved, and appellant disbursed the proceeds without notifying CBSMG or satisfying the medical liens.

In 2006, CBSMG filed this action against appellant, seeking payment pursuant to the liens, and an award of punitive damages. CBSMG alleged that appellant failed to notify it when the personal injury cases were complete, and disbursed the proceeds from those cases without withholding the funds owed to CBSMG, in violation of the liens. CBSMG asserted causes of action for breach of contract, breach of fiduciary duty, conversion, money had and received, and unjust enrichment.

Appellant moved to strike CBSMG's complaint as a SLAPP suit. The trial court considered the complaint and affidavits offered in support and opposition.

The complaint included copies of the medical liens. These liens were signed by the Beltrans and also bear a signature above appellant's name. Appellant denies signing the liens. The liens provide, "The undersigned, being attorney of record for the above-captioned patient, does hereby agree to observe all terms of the above and agrees to withhold such sum from any settlement, judgment or person and warrants that there is a fiduciary relationship between the attorney and the Physician and the Group regarding payment from any settlement or judgment of the fees for medical services rendered by Physician and Group." The liens are executed in favor of several (but not all) of the CBSMG entities.

In support of his anti-SLAPP motion, appellant declared that in 1999 and 2000, he orally notified CBSMG that he would not honor the liens because he questioned the reasonableness and necessity of the medical care provided and because he had learned that the treating physician was under investigation by the Medical Board of California. The treating physician had stipulated to a public reprimand by the medical board. He had referred patients to diagnostic

imaging and physical therapy providers without disclosing his financial interest in those entities. Neither the Beltrans nor appellant were complainants or participants in the proceedings before the medical board.

The trial court denied appellant's anti-SLAPP motion. It determined that CBSMG's complaint did not arise from a protected activity. It also found that the motion was frivolous, and awarded attorney fees to CBSMG in the amount of $3,500.

## DISCUSSION

Appellant contends that CBSMG's complaint was subject to an anti-SLAPP motion to strike because it alleged acts made in connection with an issue that was under consideration by a judicial body and the Medical Board of California. He argues that this was conclusively established by the trial court's finding that the complaint alleged "actions Rand is said to have taken as an attorney," "hired to represent a party in a lawsuit." We disagree.

■ The anti-SLAPP statute was enacted "to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055–1056 [39 Cal.Rptr.3d 516, 128 P.3d 713].) To that end, the statute is liberally construed. (§ 425.16, subd. (a).)

■ Analysis of an anti-SLAPP motion requires a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685].) We review these legal determinations de novo. (*Healy v. Tuscany Hills Landscape & Recreation Corp.* (2006) 137 Cal.App.4th 1, 5 [39 Cal.Rptr.3d 547].)

### *Protected Activity*

■ A cause of action is subject to an anti-SLAPP motion to strike only if it arises from an act "in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . ." (§ 425.16, subd. (b)(1).) An act in furtherance of the right to petition includes "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law . . . ." (*Id.,* subd. (e).) The principal thrust or gravamen of a cause of action determines whether the

anti-SLAPP statute applies. (*Wang v. Wal-Mart Real Estate Business Trust* (2007) 153 Cal.App.4th 790, 802 [63 Cal.Rptr.3d 575].) "The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92 [124 Cal.Rptr.2d 530, 52 P.3d 703].) The anti-SLAPP statute does not apply where protected activity is only collateral or incidental to the purpose of the transaction or occurrence underlying the complaint. (*Wang*, at p. 794.)

CBSMG's complaint is based on the underlying controversy between private parties about the validity and satisfaction of the liens. These issues were never under consideration in any court or official proceedings until CBSMG filed the current action.

■ Appellant contends his conduct with respect to the liens was protected activity because he disbursed the funds as an attorney and was representing his clients in the underlying actions. Not all attorney conduct in connection with litigation, or in the course of representing clients, is protected by section 425.16. (*Freeman v. Schack* (2007) 154 Cal.App.4th 719 [64 Cal.Rptr.3d 867] [contract and tort action against attorney for representing adverse interests in litigation not subject to the anti-SLAPP statute]; *Benasra v. Mitchell Silberberg & Knupp, LLP* (2004) 123 Cal.App.4th 1179 [20 Cal.Rptr.3d 621] [action against attorney for breach of duty of loyalty arising from representation of clients with conflicting interest not subject to the anti-SLAPP statute]; *Moore v. Shaw* (2004) 116 Cal.App.4th 182 [10 Cal.Rptr.3d 154] [action against estate planning attorney for participation in breach of trust not subject to anti-SLAPP motion].) The trial court correctly determined that CBSMG's claims did not arise from any act in furtherance of appellant's right to petition or his right to free speech.

### Probability of Prevailing

■ Because CBSMG's complaint did not arise from protected activity, we need not consider its probability of prevailing. (§ 425.16, subd. (b)(1).)

### Attorney Fees

Appellant contends that the attorney fees award is invalid because the court did not comply with the procedural requirements of section 128.5. We reject the contention.

■ Before awarding attorney fees to a plaintiff who has successfully opposed an anti-SLAPP motion, the court must find that the motion to strike

is "frivolous or is solely intended to cause unnecessary delay," and the court must comply with the procedural provisions of section 128.5. (§ 425.16, subd. (c).) Section 128.5 requires notice in the moving or responding papers, an opportunity to be heard, and a written order reciting in detail the conduct or circumstances justifying the order.

The requirements of both statutes were met. In its opposition to the anti-SLAPP motion, CBSMG gave written notice of its request for attorney fees in the amount of $3,500 on the grounds that the motion was frivolous. Appellant had an opportunity to be heard with respect to the request. The trial court opened the hearing by saying to appellant's counsel, "tell me why I shouldn't declare that this motion is frivolous . . . so that you could avoid having sanctions imposed for having brought a frivolous motion." In its written order awarding fees, the court recited its reasons. It found that appellant's motion was "frivolous," and "the outcome could hardly have been clearer; defendant's position is completely incorrect." These findings were sufficient to justify the award. (§ 425.16, subd. (c).)

The judgment is affirmed. Each party shall bear its own costs on appeal.

Gilbert, P. J., and Perren, J., concurred.

A petition for a rehearing was denied March 26, 2008, and appellant's petition for review by the Supreme Court was denied June 11, 2008, S162837.