Filed 2/25/26  Ramos v. Shalaby CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| LYNDA RAMOS, | C104197 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CV-UNPI-2025-0002776) |
| v. | |
| ANDREW SHALABY, | |
| Defendant and Appellant. | |

Plaintiff Lynda Ramos sued her former attorney defendant Andrew Shalaby alleging multiple causes of action after he asserted an allegedly fraudulent lien for attorney fees to an insurance company.  Defendant brought a motion to strike strategic lawsuit against public participation (anti-SLAPP), under Code of Civil Procedure[1] section 425.16, seeking to strike plaintiff's entire complaint; the trial court denied the motion.  On appeal, defendant contends the "gravamen" of plaintiff's complaint is his

---

[1]     Further undesignated section references are to the Code of Civil Procedure.

protected act of asserting a lien. We affirm, concluding defendant has failed to carry his burden establishing every cause of action arises from protected conduct.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2025, plaintiff filed a complaint against defendant alleging seven causes of action: financial elder abuse, breach of fiduciary duty, intentional misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, conversion, and breach of contract.

The background section of the complaint, alleging facts common to all causes of action, stated that in 2022 a car struck plaintiff, and she hired defendant to represent her in the personal injury case. Plaintiff fired defendant and hired another attorney in 2023. Defendant refused to provide plaintiff's case file to the new counsel and defendant continued to contact plaintiff to convince her to hire him again to the point plaintiff "was forced to block [defendant's] phone number so that she would not be harassed by his calls and texts." Defendant then informed the personal injury defendant's insurance company he had a "false and fraudulent lien for attorney[] fees and costs in the amount of $27,465."

Plaintiff's new attorney reached a settlement for $100,000 with the personal injury defendant's insurance company in March 2024 but the insurance company refused to issue payment without listing defendant as a copayee based on defendant's lien. Plaintiff's new counsel attempted to negotiate with defendant on his fees by offering to put the demanded amount in a trust; defendant refused. Plaintiff's new counsel was then forced to file a complaint against the personal injury defendant to preserve plaintiff's claim.

The allegations within the seven causes of action included that defendant wrongly asserted a fraudulent lien that deprived plaintiff of the settlement proceeds; defendant harassed and intimidated plaintiff; defendant breached his duty of loyalty by fraudulently charging plaintiff; defendant made false statements to plaintiff and the insurance

2

company about services he performed; defendant engaged in "outrageous and unconscionable conduct knowing that it would likely be harmful to [p]laintiff"; and defendant "was negligent with regard to his conduct in contacting [p]laintiff, including but not limited to, his frequent unwanted phone calls, texts, and emails to [p]laintiff after his services were discharged."

In April 2025, defendant filed an anti-SLAPP motion seeking to strike plaintiff's entire complaint, arguing all causes of action are based on him filing an attorney fees lien.

The trial court denied the motion on June 26, 2025. The trial court reasoned: "At the heart of [p]laintiff's claims are allegations of malpractice. Here, the [c]omplaint [arises from] [d]fendant's alleged legal malpractice in the form of charging [p]laintiff for services he did not perform for [p]laintiff in her personal injury case. The filing of the lien was simply a step in collecting; it was a step beyond the breach or conduct [that] gave rise to the claims. And so, the [c]ourt finds that [p]laintiff's claims do not arise from [d]efendant's petitioning activity."

Defendant appeals.

DISCUSSION

The anti-SLAPP statute, section 425.16, protects against "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) It accomplishes this by subjecting to a special motion to strike any causes of action arising from a person's right of petition or free speech "in connection with a public issue." (§ 425.16, subd. (b)(1).) "When considering a special motion to strike under section 425.16, the court engages in a two-step process. [Citation.] First, the court considers whether the defendant has established that the challenged claim for relief arises from an activity protected under section 425.16, subdivision (e). [Citation.] Second, the court considers whether the plaintiff has demonstrated the claim has minimal merit. [Citation.] If the defendant

3

shows that the plaintiff's claim for relief arises from a protected activity and the plaintiff fails to demonstrate minimal merit, the court must strike the claim for relief." (*Miszkewycz v. County of Placer* (2024) 99 Cal.App.5th 67, 73.)

"In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) The anti-SLAPP procedure "shall be construed broadly" (§ 425.16, subd. (a)), and we review its application de novo. (*Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 759.)

Defendant argues the trial court erred in denying his anti-SLAPP motion because plaintiff's claims arise from his lien, a protected petitioning activity. We conclude defendant failed to carry his burden on the first step.

Our Supreme Court detailed the procedure for the first step of the anti-SLAPP analysis in *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995 (*Bonni*): In "determining whether the plaintiff's claims arise from protected activity . . . , courts are to 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.' [Citation.] The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." (*Id.* at p. 1009.) Thus, "[i]f a cause of action contains multiple claims and a moving party fails to identify how the speech or conduct underlying some of those claims is protected activity, it will not carry its first-step burden as to those claims. [Citation.] The nonmovant is not faced with the burden of having to make the moving party's case for it." (*Id.* at p. 1011.)

Defendant did not properly apply this analysis. Defendant contends, "The gravamen of every cause of action in [plaintiff's] [c]omplaint is [defendant's] assertion and pursuit of his attorney's lien." Defendant then provides "[f]or example" the first and second causes of action mention his lien, and then states the other causes of action

4

similarly "are all based on the alleged falsity of the lien and the act of asserting it against the settlement proceeds." This gravamen analysis incorrectly focuses on the lien while ignoring all other allegations that may serve as a basis for liability.

Our Supreme Court in *Bonni* explicitly disapproved of a "gravamen" analysis that examines only one class of allegations underlying a cause of action that rests on multiple claims for relief. (*Bonni*, *supra*, 11 Cal.5th at pp. 1011-1012.) Such analysis "saddl[es] courts with an obligation to settle intractable, almost metaphysical problems about the 'essence' of a cause of action that encompasses multiple claims." (*Id*. at p. 1011.) Instead, movants must analyze each claim for relief underlying a challenged cause of action to discern whether every claim supplying the necessary elements arises out of protected conduct. (*Id*. at p. 1012.)

An appellate court further explained these standards in *Park v. Nazari* (2023) 93 Cal.App.5th 1099 (*Nazari*). There, the defendants filed an anti-SLAPP motion to strike an entire complaint because " 'the gravamen of the suit challenge[d] a litigation funding decision and the communications made in connection with that decision.' " (*Id*. at p. 1105.) Relying on *Bonni* and other precedent from our Supreme Court, the appellate court found: "Where a defendant moves to strike the entire complaint and fails to identify, with reasoned argument, specific claims for relief that are asserted to arise from protected activity, the defendant does not carry his or her [or their] first-step burden so long as the complaint presents at least one claim that does not arise from protected activity. . . . [¶] . . . [¶] [W]hile courts may strike less than the entirety of a complaint or pleaded cause of action, the trial court is not required to take on the burden of identifying the allegations susceptible to a special motion to strike. If a defendant wants the trial court to take a surgical approach, whether in the alternative or not, the defendant must propose where to make the incisions. This is done by identifying, in the initial motion, each numbered paragraph or sentence in the complaint that comprises a challenged claim and explaining 'the claim's elements, the actions alleged to establish those elements, and

5

wh[y] those actions are protected.' " (*Nazari*, at pp. 1108-1109.) The court therefore affirmed the denial of the anti-SLAPP motion because the defendants "fail[ed] to link specific claims for relief to protected activity." (*Ibid*.)

Defendant did not do this analysis here. Like in *Nazari*, defendant here conclusorily argues a gravamen analysis that his lien "is the very basis of liability for all of [plaintiff] claims" without analyzing whether the lien is in fact the basis of liability for all of plaintiff's causes of action. (*Nazari*, *supra*, 93 Cal.App.5th at p. 1108 ["Here, the [defendants] not only failed to identify specific claims for relief arising from protected activity, they expressly asked the court to perform the type of gravamen analysis disapproved in *Bonni*"].) Defendant provides no analysis of the elements necessary to prove each cause of action, how allegations related to the lien supply the necessary elements of each cause of action, and whether there are other allegations supporting the causes of action that are not protected conduct. Defendant incorrectly assumes one drop of protected conduct fatally poisons the entirety of plaintiff's complaint.

The complaint also contains allegations independent of the lien. Allegations of defendant's harassment and intimidation of plaintiff after she fired him pervade the complaint. Plaintiff also alleges defendant breached his duty of loyalty to her by fraudulently charging her, which charges may have later given rise to the lien but are not dependent on whether defendant asserted the lien. Being related to defendant's representation of plaintiff does not automatically render the acts protected. (*California Back Specialists Medical Group v. Rand* (2008) 160 Cal.App.4th 1032, 1037 ["Not all attorney conduct in connection with litigation, or in the course of representing clients, is protected by section 425.16"].) And we reject any assertion plaintiff's suit is based on defendant's lien merely because the suit was filed after he asserted the lien. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 ["the mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute"].)

One or more of plaintiff's causes of action may individually be based entirely on protected conduct. But defendant brought a motion to strike the entire complaint and continues that argument on appeal. We will not independently perform surgery on plaintiff's complaint when defendant has wholly failed to "propose where to make the incisions." (*Nazari*, *supra*, 93 Cal.App.5th at p. 1109.)

We therefore conclude defendant has not carried his burden on the first step of the anti-SLAPP analysis establishing all causes of action exclusively arise from protected conduct. We consequently affirm the trial court's order denying defendant's anti-SLAPP motion.

## DISPOSITION

The judgment is affirmed. Plaintiff shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/  
ROBIE, Acting P. J.

We concur:

/s/  
MAURO, J.

/s/  
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.