[No. B199529. Second Dist., Div. Three. July 15, 2008.]

APPLIED BUSINESS SOFTWARE, INC., Plaintiff and Respondent, v. PACIFIC MORTGAGE EXCHANGE, INC., Defendant and Appellant.

COUNSEL

McIntire & McIntire and Christopher D. McIntire for Defendant and Appellant.

DLA Piper US, David B. Abel and David A. Grenardo for Plaintiff and Respondent.

OPINION

**CROSKEY, J.**—This is an appeal from an order denying a defendant's special motion to strike the plaintiff's complaint. The motion was brought under Code of Civil Procedure section 425.16, the anti-SLAPP statute (section 425.16; SLAPP—strategic lawsuit against public participation). The motion was denied because the trial court determined that the acts of defendant on which the complaint is based were not acts taken by defendant in furtherance of defendant's rights of petition or free speech. (§ 425.16, subd. (b)(1).)[1] Based on that determination, the court concluded it did not need to make a finding on the probability of plaintiff prevailing in the suit. (*Ibid.*) We find no error in the trial court's analysis. We cannot conclude, however, that this appeal was frivolous and we therefore will deny plaintiff's motion for sanctions against defendant.

## *FACTUAL AND PROCEDURAL BACKGROUND*

1. *The Underlying Federal Suit*

Applied Business Software, Inc., is the plaintiff in this case. The defendant is Pacific Mortgage Exchange, Inc. The case stems from a federal lawsuit in which plaintiff sued defendant for copyright infringement, breach of contract and unfair competition in connection with defendant's use of software that plaintiff developed and licensed to defendant. After mediation in that underlying federal case, the parties entered into a settlement agreement and the suit was dismissed.

---

[1] Section 425.16 provides in relevant part: "A cause of action against a person *arising from* any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (*Id.*, subd. (b)(1), italics added.)

When ruling on a special motion to strike, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

Subdivision (e) of section 425.16 explains what is meant by the Legislature's use, in subdivision (b)(1), of the phrase "act . . . in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." That phrase "includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

Orders granting or denying special motions to strike are appealable when made. (§ 425.16, subd. (i).)

The settlement agreement provides for a payment of $50,000 by defendant to plaintiff, due within 10 days of the settlement. The settlement agreement also provides that (1) within 90 days of the settlement defendant would cease using plaintiff's software, and all modules thereof, (2) all license agreements between plaintiff and defendant would thereafter be terminated, and (3) within 90 days of the $50,000 payment, defendant would provide plaintiff with "a certification that [defendant] has returned all physical copies of the [plaintiff's] software and that all copies of the [plaintiff's] software have been deleted from all computers, including desk and laptop computers, terminal servers, network servers, and any other computer through which a user or workstation can access and use the [plaintiff's] software." The settlement agreement further provides that defendant "will be in default under this agreement if it fails to make the payment to [plaintiff] pursuant to paragraph 1 or fails to delete the [plaintiff's] software pursuant to paragraph 3 of this agreement." Also included in the settlement agreement is a provision that it will be construed according to California law.

The parties signed the settlement agreement on September 1, 2005, and the federal court issued a minute order on September 8, 2005, stating the case was dismissed. By letter dated December 2, 2005, plaintiff's attorney wrote to defendant's attorney regarding the terms of the settlement agreement that call for (1) defendant to cease using plaintiff's software and all modules thereof within 90 days of the settlement, (2) the cessation of the license agreements between the parties, and (3) a certification from defendant to plaintiff that defendant returned all physical copies of plaintiff's software to plaintiff and all copies of the software had been deleted from all computers. The letter notes that defendant's payment of $50,000 was sent by overnight delivery on September 13, 2005, and received on September 15 and "[a]ccordingly, [defendant] has about two weeks to provide the foregoing certification." The letter also states that a representative of defendant had called plaintiff and asked "for the update code to continue the use of the software." The letter goes on to say that "[s]ince the License Agreement has [been] terminated by the Settlement Agreement between the parties, there is no need for an update code. [¶] Please confirm that [defendant] has ceased using the [plaintiff's] software and forward the certification from [defendant] as soon as possible."

On February 10, 2006, plaintiff's attorney again wrote to defendant's attorney stating that neither he (plaintiff's attorney) nor plaintiff had received the certification and therefore "[defendant] is in breach of the Settlement Agreement, at the very least because it has not provided the required

certification." Plaintiff's attorney again mentioned that defendant's representative had attempted to secure an update code so that defendant could continue to use plaintiff's software even though defendant was contractually bound to stop using it. The attorney asserted that continued installation or use of the software was a copyright infringement, and he requested "a detailed certification of exactly when the software was removed from each [of defendant's] computer[s] and, to the extent that the software was used after December 1, 2005 [defendant should] provide an accounting of all monies generated as a result of the utilization of the software and an accounting of the number of computers on which the software remains." Defendant's attorney was given 10 days to respond.

Defendant's attorney's assistant responded by letter dated February 24, 2005. The letter states that "another certification" was enclosed. The certification, dated December 15, 2005, and signed by defendant's president, states that defendant "certifies, to the best of its knowledge and expertise, the following: [¶] A. All discs provided by [plaintiff] are or have been returned or destroyed; and [¶] B. All copies of [plaintiff's] software have been removed from the Palm Desert office of [defendant.]"

On February 27, 2006, plaintiff's attorney sent a letter to defendant's attorney objecting to the certification on several grounds: the certification was not timely; it states the discs were returned or destroyed but under the parties' agreement the discs were only to be returned, not destroyed; it only states that copies of the software were removed from the computers in one of defendant's offices, not from both of defendant's offices; it does not indicate when the copies of software were removed; and the certification is equivocal in that it uses the qualifying statement "to the best of [defendant's president's] knowledge and expertise" the discs were returned or destroyed and the copies of the software were removed.

The February 27, 2006 letter from plaintiff's attorney asserted that defendant had breached the federal case settlement agreement, but that prior to plaintiff filing a breach of contract suit, defendant must permit plaintiff to "conduct an audit of the computers within the next five days to determine exactly when the software was removed and if any use was made after December 1, 2005. In connection with this demand, be advised that [defendant] is under a legal duty to preserve any evidence that is relevant to the dispute or that is reasonably calculated to lead to the discovery of admissible

evidence. [Citations.]" With respect to that demand of inspection of defendant's computers, the letter sets out over three pages of directives regarding preservation of evidence. Plaintiff's attorney ended his letter by saying that if defendant had indeed lived up to the terms of the parties' agreement, an audit of the computers would affirm that compliance and no lawsuit by plaintiff against defendant would be necessary, and if defendant had continued to use plaintiff's software after December 1, 2005, but "now no longer uses the software, the audit will quantify the extent of the improper use and facilitate a resolution." The attorney requested that defendant's attorney notify him within five days of acceptable dates for conducting the audit.

### 2. The Instant Case

#### a. The Complaint

On March 8, 2006, plaintiff filed the instant case, alleging causes of action for breach of the settlement agreement and specific performance. Plaintiff prayed for preliminary and permanent injunctive relief concerning defendant's use of the software; an order that defendant provide an accounting and disgorgement of its profits; actual damages incurred by plaintiff; and costs of suit and attorney's fees. (The settlement agreement has a prevailing party attorney's fees provision.)

#### b. Defendant's Special Motion to Strike

Defendant's section 425.16 special motion to strike plaintiff's complaint asserts that the instant case was brought in retaliation against defendant. Specifically, defendant contends that after defendant's president filed a declaration, in another federal case, on behalf of a company that plaintiff had sued, plaintiff responded by filing the instant breach of contract suit against defendant.

The motion to strike also asserts that plaintiff brought this suit as a warning to defendant that defendant "had better keep silent about plaintiff's business practices or face further litigation." Defendant bases that contention on the fact that plaintiff included in its complaint the following provision from the settlement agreement: "The parties agree to not disparage the other party, or the products of the other party, with respect to any matter related to this action, in any communications with any third party, and any press releases or writings." However, it is to be noted that although plaintiff's complaint sets out verbatim this antidisparagement clause, the complaint does not actually allege that defendant breached the agreement by violating that clause.

In its motion, defendant contended that because it had demonstrated that plaintiff's causes of action arise from defendant's protected activity of submitting a declaration in a court case, the burden, under section 425.16, shifted to plaintiff to demonstrate that plaintiff has a probability of prevailing on the complaint. Defendant discussed at length the various reasons that it contends plaintiff will not prevail in this case. Nevertheless, because we have determined that plaintiff's causes of action are not based on any section 425.16 protected activity, we have no need to discuss defendant's analysis of the claimed defects in plaintiff's case.

### c. *Plaintiff's Opposition to the Special Motion to Strike*

Plaintiff opposed the special motion to strike the complaint by contending that the activities of defendant that form the basis of plaintiff's cause of action for breach of contract were not actions taken by defendant in furtherance of defendant's rights of petition or free speech. Plaintiff contended this suit is based on defendant's failure to provide the certification required by the settlement agreement. Plaintiff argued that the protected activity that is asserted by the special motion to strike, i.e. the declaration that defendant's president provided for someone else in another lawsuit, "is not even mentioned in the Complaint [in the instant case] let alone a fact that forms any basis for the Defendant's liability." Plaintiff argued that it was not plaintiff's alleged litigation tactics that would bring section 425.16 into play, but rather the substance of its lawsuit. Thus, whether plaintiff's suit was triggered by, and filed in retaliation for, defendant's president's having presented a declaration in *another case* is not a relevant question because the basis of the complaint *in this case* is defendant's alleged breach of contract. Plaintiff also argued reasons why its suit for breach of contract and specific enforcement possesses the minimal merit required, under the provisions of section 425.16, subdivision (b), to survive a special motion to strike.

### d. *Defendant's Reply Papers*

In its reply papers, defendant argued that the California Supreme Court in *Navellier v. Sletten* (2002) 29 Cal.4th 82 [124 Cal.Rptr.2d 530, 52 P.3d 703] (*Navellier*), held that a suit alleging a breach of a settlement agreement entered into in a federal court case is necessarily a suit that involves an act in furtherance of a person's right of petition.

An order denying defendant's special motion to strike was filed on May 14, 2007. Thereafter, defendant filed this timely appeal.

## DISCUSSION

### 1. The Two-step Process for Evaluating Special Motions to Strike

■ In deciding a special motion to strike, the trial court first determines "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).)" (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685] (*Equilon*).) " 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)' [citation]." (*Navellier, supra,* 29 Cal.4th at p. 88.) If the defendant meets that burden, the burden shifts to the plaintiff to demonstrate a probability that it will prevail on that cause of action. (§ 425.16, subd. (b)(1).)

■ However, merely showing that the plaintiff filed its complaint *after* the defendant engaged in protected activity is not sufficient because it does not demonstrate that the activity on which the plaintiff's cause of action is based was itself an act of the defendant taken in furtherance of the defendant's right of petition or free speech in connection with a public issue. (*Equilon, supra,* 29 Cal.4th at p. 66.) Section 425.16, subdivision (b) addresses causes of action against a defendant that *arise from* the constitutionally protected activities of the defendant, not that simply follow in time those activities. Moreover, because a cause of action that *arises from* a defendant's protected actions is synonymous with a cause of action that is *based on* the defendant's protected actions, "[t]he anti-SLAPP statute cannot be read to mean that 'any claim asserted in an action which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is *based on* conduct in exercise of those rights.' [Citations.]" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 77 [124 Cal.Rptr.2d 519, 52 P.3d 695].) Thus, "arising from" does not equate with "in response to." (*Ibid.*) "That a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such." (*Id.* at p. 78.)

### 2. Standard of Appellate Review

Our duty in this appeal is to use our independent judgment in reviewing the defendant's special motion to strike. (*Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1396 [126 Cal.Rptr.2d 560].)

Applying the rules set out above for evaluating such motions, we conclude that defendant has not met its section 425.16 threshold burden.

### 3. *Plaintiff's Action Is Not Based on Defendant's Protected Activity*

Defendant's acts on which plaintiff's complaint is based are defendant's alleged failure to provide the certification called for in the settlement agreement, and defendant's alleged use of plaintiff's software after the time set out in the settlement agreement for ceasing use of it. Neither of those alleged actions by defendant can reasonably be said to have been taken by defendant in furtherance of its right of petition or free speech in connection with a public issue. Therefore, it cannot reasonably be said that plaintiff's complaint arises from/is based on protected activities undertaken by defendant. It is irrelevant that plaintiff did not file this suit until *after* defendant's president filed a declaration on behalf of a party in a different lawsuit. It is even irrelevant if the instant case was filed *in retaliation* for defendant's having submitted the declaration. The filing of that declaration is not what this case is based on. This is a breach of contract suit based solely on defendant's alleged failure to comply with specific provisions in the settlement agreement. Moreover, it is not relevant that in his complaint, plaintiff set out the text of the above mentioned nondisparagement clause contained in the settlement agreement. As noted above, although the clause is mentioned in the complaint, there are no corresponding allegations that defendant breached the clause. Thus, there is no cause of action based on that clause. Whatever plaintiff's purpose was for setting out the nondisparagement clause without also making corresponding allegations that such clause was breached, the fact remains that the allegations were not made.

We find no merit in defendant's contention that (1) because settlement agreements that are entered into in judicial proceedings fit within descriptive provisions in subdivision (e) of section 425.16 (writings made in judicial proceedings, and writings made in connection with issues under consideration in judicial proceedings), and (2) because such settlement agreements are thus the product of an act taken by a party to the judicial proceeding in furtherance of that party's right of petition, then (3) a suit that is brought by one of the signatories to the settlement agreement against another signatory to that agreement for the purpose of enforcing the agreement is necessarily based on the defendant's protected activity because entering into a settlement agreement in a judicial proceeding is protected activity. Based on that reasoning, defendant asserts that it necessarily follows that in *all* such enforcement suits, the burden is automatically shifted to the plaintiff, under section 425.16, to prove a probability of prevailing in the suit.

Defendant relies on *Navellier, supra,* 29 Cal.4th 82, to support that analysis, but *Navellier* involved activities on the part of a defendant that are

not similar to those at issue in the instant case. In *Navellier* the parties had entered into a release of claims during the course of a suit in federal court. The release did not settle the entire federal suit and while the federal case was still pending, the defendant in that case filed counterclaims against the plaintiffs. That prompted the plaintiffs to sue the defendant in a California state court and allege that (1) the defendant breached the release by filing his counterclaims in the federal suit and (2) the defendant committed fraud in misrepresenting his intention to be bound by the release. The defendant filed a special motion to strike the state court complaint and the *Navellier* court ruled that the defendant had met his threshold burden in connection with that motion. His allegedly fraudulent acts in negotiating, executing and repudiating the release and his alleged breach of the release by the filing of counterclaims against the plaintiffs were protected petition activities *because they were undertaken during the course of the federal judicial proceeding, and because the filing of the counterclaims itself was protected activity associated with a judicial proceeding.* That is very far from the circumstances in this case.

■ Here, the gist of plaintiff's complaint is not that defendant did something wrong by acts committed during the course of the underlying federal action, but rather that defendant did something wrong by breaching the settlement agreement after the underlying action had been concluded. Under the explanatory provisions in subdivision (e) of section 425.16, defendant's entering into the settlement agreement during the pendency of the federal case was indeed a protected activity, but defendant's subsequent alleged breach of the settlement agreement after the federal case was concluded is not protected activity because it cannot be said that the alleged breaching activity was undertaken by defendant in furtherance of defendant's right of petition or free speech, as those rights are defined in section 425.16. Thus, the instant suit is based on alleged conduct of defendant that is *not* protected activity.

We reject defendant's contention that we should "extend" *Navellier* to cover all causes of action alleging the breach of a settlement agreement when the case that produced the settlement agreement was concluded prior to the alleged breach. Such an extension of *Navellier* would ignore the clear directive of the Supreme Court in *Equilon* and *City of Cotati,* discussed above, that section 425.16 applies to causes of action that arise from/are based on the defendant's constitutionally protected conduct described in section 425.16. The simple breach of contract alleged in the instant case does not arise from such constitutionally protected activity.

Because defendant has not met its burden of showing that the causes of action set out in plaintiff's complaint were based on protected activities

undertaken by defendant, the burden of showing a probability of prevailing on its claims never shifted to plaintiff and therefore we have no need to discuss that second prong of section 425.16.

### 4. *Plaintiff's Request for Sanctions on Appeal*

██ Code of Civil Procedure section 907 states that "[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179] (*Flaherty*).) Plaintiff contends this appeal is frivolous and defendant should be sanctioned for filing it.

An appeal is not frivolous just because it has no merit. (*Flaherty, supra,* 31 Cal.3d at p. 650.) An unsuccessful appeal " 'should not be penalized as frivolous if it presents a unique issue which is not indisputably without merit, or involves facts which are not amenable to easy analysis in terms of existing law, or makes a reasoned argument for the extension, modification, or reversal of existing law. [Citation.]' [Citation]" (*Dodge, Warren & Peters Ins. Services, Inc. v. Riley* (2003) 105 Cal.App.4th 1414, 1422 [130 Cal.Rptr.2d 385].)

The record reflects that the trial court believed defendant's special motion to strike was a close question and on that basis the court denied plaintiff's request for costs and attorney's fees under section 425.16, subdivision (c). The reporter's transcript for the hearing on the motion to strike shows that the trial court's belief was based on the fact that plaintiff had quoted, in the complaint, the provisions of the nondisparagement clause without having actually alleged a cause of action based on that clause. The trial court thus determined that while defendant's motion was without merit, it was not "frivolous" or filed for the sole purpose of causing "unnecessary delay" in the case. In our view, defendant should not, in such circumstances, be required to test the trial court's ruling on the motion to strike only at its peril. The granting of a sanction motion for a frivolous appeal should be reserved for cases involving something more than a simple lack of merit. We will therefore deny plaintiff's motion for appellate sanctions.

## *DISPOSITION*

The order denying defendant's special motion to strike the complaint is affirmed. The motion for sanctions for a frivolous appeal is denied. Costs on appeal to plaintiff.

Klein, P. J., and Aldrich, J., concurred.