Filed 12/11/14  Harris v. Wachovia Mortgage CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

STEPHEN HARRIS et al.,

    Plaintiffs and Appellants,

v.

WACHOVIA MORTGAGE, FSB,

    Defendant and Respondent.

E056084

(Super.Ct.No. CIVSS811443)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Affirmed.

Monique Harris for Plaintiffs and Appellants.

Anglin Flewelling Rasmussen Campbell & Trytten, Robert Collings Little and Robin C. Campbell for Defendant and Respondent.

Plaintiffs Stephen and Ozelia Harris appeal a judgment dismissing their second amended complaint for breach of contract, misrepresentation and fraud, following the court's grant of a special motion to strike, or anti-SLAPP motion (Code Civ. Proc.,

1

§ 425.16),[1] as to all three causes of action. The court's ruling was based on its conclusion that all three causes of action were based on statements allegedly made by counsel for Wachovia during settlement negotiations.

The issue arose as follows, as discussed in plaintiffs' prior appeal. "In their first amended complaint, plaintiffs alleged that they entered into an agreement for home loan services with World Savings, Inc. Wachovia Mortgage, FSB (Wachovia) is the successor in interest to World Savings, Inc. Plaintiffs had two home loans through Wachovia, secured by a first and second deed of trust on their property in Fontana. During the pendency of the loans, Wachovia failed to apply payments made by plaintiffs to plaintiffs' accounts, causing plaintiffs' accounts to go into default. Wachovia falsely claimed that it did not receive plaintiffs' payments and concealed the fact that it had received the payments and had credited them to its own account rather than to plaintiffs' accounts." (*Harris v. Wachovia Mortgage*, *FSB* (2010) 185 Cal.App.4th 1018, 1021 (*Harris I*).)

"On June 15, 2007, plaintiffs filed a complaint in the Superior Court of San Bernardino County for conversion and other causes of action. On February 26, 2008, plaintiffs and Wachovia entered into a written settlement agreement. In that agreement, Wachovia agreed to credit plaintiffs' first loan account with the disputed amount and to modify the loan agreement from bearing an adjustable interest rate to a fixed interest rate. [¶] Plaintiffs agreed to dismiss their complaint upon execution of the settlement

---

[1] All further statutory citations refer to the Code of Civil Procedure unless another code is specified.

2

agreement and did so. However, Wachovia failed to bring plaintiffs' loan account current and failed to modify the loan as agreed. Plaintiffs further alleged that Wachovia acted in bad faith in failing to comply with the terms of the settlement agreement and falsely represented that it would do so, with the intent to deceive plaintiffs and induce them to dismiss their prior action." (*Harris I*, *supra*, 185 Cal.App.4th at pp. 1021-1022.)

Plaintiffs filed a first amended complaint for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair business practices. The trial court sustained Wachovia's demurrer without leave to amend. It held that all three causes of action were preempted by the federal Home Owners' Loan Act, or HOLA. (12 U.S.C. § 1461 et seq.) "The court also held that the third cause of action, for unfair business practices, was impermissibly added to the first amended complaint without leave of court." (*Harris I*, *supra*, 185 Cal.App.4th at p. 1021.) On appeal, we held that the demurrer was properly sustained as to the claims for breach of the covenant of good faith and fair dealing and unfair business practices for reasons unrelated to HOLA. (*Harris I*, at pp. 1022-1023.) However, we held that plaintiffs' claim for breach of contract is not preempted by HOLA. We reversed the judgment as to that cause of action and remanded the cause for further proceedings. (*Harris I*, at pp. 1023-1026, 1027.)

On remand, plaintiffs filed a second amended complaint, alleging breach of contract, fraud and misrepresentation. The complaint alleged that Wachovia, through its attorney, made false representations to plaintiffs with the intent to induce plaintiffs to enter into the settlement agreement and that Wachovia failed to perform its obligations under the settlement agreement. Plaintiffs alleged that their oral agreement, which was to

3

be memorialized in a written settlement agreement, included Wachovia's agreement to apply a credit in the amount of $6,500 to plaintiffs' first loan and bring both the first and second loans current. Both loans were then past due because of defendant's failure to apply payments to plaintiffs' account. Wachovia also agreed to change the monthly payment on plaintiffs' first loan "to an amount less than" $2,700.

Plaintiffs further alleged that upon their receipt of the written settlement agreement, Ozelia Harris contacted Wachovia's attorney, Mark Flewelling, and that Flewelling assured her that Wachovia would apply a credit of $6,500 to the first loan, bring the first and second loans current, and change the monthly payment to an amount less than $2,700. They alleged that in justifiable reliance on Flewelling's representations, which were made to induce them to enter into the written settlement agreement, they signed the written agreement.[2] However, when plaintiffs received a statement on the their account a month after having executed the written settlement agreement, plaintiffs discovered that Wachovia failed to apply a credit of $6,500, failed to bring the first and second loans current, and did not reduce the monthly payment on the first loan to $2,562.27, as stated in the loan modification prepared pursuant to the written agreement. Thereafter, Wachovia continued to send them past due notices and threatened

---

[2] This seems to imply that these terms were omitted from the written agreement. However, the written settlement agreement includes the provision that Wachovia will apply a credit in the amount of $6,500 to plaintiffs' account, and the loan modification agreement which was executed pursuant to the settlement agreement also applies that credit. It also reduces plaintiffs' monthly principal and interest payments to $2,562.27, effective with the payment due on March 15, 2008. Neither document contains any provision for bringing both accounts current, however.

4

foreclosure. In addition, Wachovia continued to charge plaintiffs accrued interest and late fees, despite its promise to bring both loans current.

Incorporating those factual allegations into their cause of action for breach of contract, plaintiffs allege that although they dismissed their first lawsuit against Wachovia as agreed in the settlement agreement, Wachovia intentionally, willfully and maliciously breached the parties' contract when it failed to apply the credit, failed to bring both loans current and failed to reduce the monthly payment on the first loan "to an amount less than $2,700.00." They allege that after the settlement agreement was executed, Wachovia informed them that their monthly payment was $3,194.92.[3] Based on the same factual allegations, which they incorporated by reference into their second and third causes of action, plaintiffs also alleged that Wachovia intentionally made false representations with knowledge of their falsity or with reckless disregard for the truth and with the intent to induce plaintiffs to enter into the written settlement agreement, and that plaintiffs did so in reasonable reliance on Wachovia's representations.

Wachovia filed a demurrer to the operative second amended complaint and a motion to strike portions of the operative second amended complaint, and then filed a special motion to strike, or anti-SLAPP motion, pursuant to section 425.16, arguing that

---

[3] In support of its section 425.16 motion, Wachovia explained that plaintiffs' postsettlement monthly payment for principal and interest was modified as agreed to $2,562.27, but that plaintiffs were also required by the terms of their original loan agreement to make a monthly payment into an escrow account for fire/hazard insurance and property taxes. That term of the agreement was not modified by the settlement agreement. Following the settlement agreement, the monthly escrow account payment was $632.65.

5

all three causes of action were based on representations made during negotiations to settle a lawsuit, in furtherance of Wachovia's First Amendment right of petition. Plaintiffs responded that their breach of contract claim was based exclusively on Wachovia's failure to perform under the written settlement agreement and was therefore not subject to section 425.16. After hearing argument, the court granted the motion and dismissed plaintiffs' complaint. Judgment was entered for Wachovia. This appeal followed.

LEGAL ANALYSIS

THE TRIAL COURT PROPERLY GRANTED THE SPECIAL MOTION TO STRIKE

Section 425.16 provides in pertinent part: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Consideration of a section 425.16 motion to strike involves a two-step process. First, the defendant must show that the cause of action arises from protected activity, i.e., activity by the defendant in furtherance of his constitutional right of petition or free speech. If the trial court determines that the defendant has met his initial burden, the burden shifts to the plaintiff to demonstrate a reasonable probability of prevailing on the merits of his cause of action. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 (*Equilon*).) Review of an order granting or denying a motion to strike under section 425.16 is de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

6

As used in section 425.16, an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes . . . any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body.'" (§ 425.16, subd. (e)(2).)  This includes communications made by parties or their representatives as part of negotiations for settlement of a lawsuit.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 90 (*Navellier*) ["negotiation, execution, and repudiation" of a release are acts arising from the right of petition]; see also *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 963-964 and cases discussed therein.)  Plaintiffs allege that false statements were made by Wachovia's attorney, Mark Flewelling, in his effort to induce them to settle the lawsuit.  Ergo, the statements were made in connection with litigation and fall within section 425.16.  Accordingly, plaintiffs' causes of action for fraud and misrepresentation, which are based entirely on Flewelling's statements, unquestionably arise from protected petitioning activity.  And, to the extent that plaintiffs' complaint for breach of contract is based on Wachovia's alleged breach of oral promises made by Flewelling, it arises from protected petitioning activity as well.

Plaintiffs contend, however, that their fraud and misrepresentation causes of action are based solely on Wachovia's failure to perform its obligations under the settlement agreement.  This is nonsense.  Their second amended complaint alleges that "Wachovia intentionally induced the Plaintiffs to enter into the settlement agreement by falsely representing to Plaintiffs" that it would perform the obligations contained in the written settlement agreement, specifically to apply a credit of $6,500 to their account, to bring

7

both loan accounts current and to reduce their monthly payments to $2,562.27 or an amount less than $2,700. Plaintiffs allege that but for these representations, they would not have entered into the settlement agreement and would not have dismissed their prior lawsuit. They allege that they did so in reasonable reliance on Wachovia's intentionally false representations. Promises made to induce a party to enter into a settlement agreement are necessarily acts in furtherance of the right of petition. (See *Navellier*, *supra*, 29 Cal.4th at p. 90; *Seltzer v. Barnes*, *supra*, 182 Cal.App.4th at pp. 963-964.) Accordingly, the burden shifted to plaintiffs to demonstrate the probability that they would prevail on the fraud and misrepresentation claims. (*Equilon*, *supra*, 29 Cal.4th at p. 67.)

Plaintiffs also contend that their claim for breach of contract is based solely on Wachovia's failure to perform provisions of the written settlement agreement and that it does not depend on any statements made during settlement negotiations. They contend that the breach of contract claim therefore does not implicate Wachovia's right to petition. They are correct that a breach of a settlement contract which does not implicate a party's right to petition, such as, for example, Wachovia's alleged failure to apply the $6,500 credit which is provided for in the settlement agreement, is not protected activity within the meaning of section 425.16 because it was not undertaken by Wachovia in furtherance of its right of petition or free speech; rather, it is merely a garden-variety breach of contract. (See *Applied Business Software, Inc. v. Pacific Mortgage Exchange, Inc*. (2008) 164 Cal.App.4th 1108, 1117-1118.) However, plaintiffs' allegations are not limited to conduct which breached express provisions of the settlement agreement

8

without regard to statements made during the settlement process. Plaintiffs alleged in part (or appear to; their pleading is vague, whether intentionally or unintentionally) that some of Wachovia's oral promises were not reduced to writing in the settlement agreement, but that Flewelling assured them that Wachovia would honor those promises and that promises which were not expressly stated in the written agreement are nevertheless implied. They now also assert that Flewelling's alleged promises are admissible parol evidence as to the meaning of the written agreement. Accordingly, their breach of contract allegations depend in part on protected activity, i.e., Flewelling's statements made during settlement negotiations.

Where a cause of action is "mixed"—based upon both protected acts and unprotected acts, within the meaning of section 425.16—section 425.16 applies unless the protected acts are "merely incidental" or "collateral" to the unprotected conduct. (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 672-673.) Here, the protected activity—the alleged oral promises made in furtherance of settlement of the lawsuit—is not merely incidental. Plaintiffs allege three breaches of the written contract. Two of them are express terms of the written contract: Wachovia's failure to apply the $6,500 credit to their account and its failure to reduce their monthly payments to $2,562.27. However, neither the settlement agreement nor the loan modification agreement contains a provision for bringing both of plaintiffs' loan accounts current. On the contrary, the written settlement agreement explicitly states that the $6,500 credit was to be applied to the first loan only. However, the complaint alleges that after plaintiffs received the written agreement, Ozelia Harris contacted

9

Flewelling and obtained his assurances that both loan accounts would be brought current, as well as his assurance that the monthly payment would be reduced to an amount less than $2,700. Plaintiffs now contend that the promise to bring both accounts current was implied in the written contract, based on Flewelling's statements on which they relied in deciding to execute the settlement agreement. Flewelling's statements are therefore essential to plaintiffs' claim and are not merely incidental to the breach of contract as alleged by plaintiffs. Accordingly, because the cause of action depends in substantial part on protected activity which is not merely incidental to the unprotected activity, plaintiffs' claim for breach of contract is subject to section 425.16.

Section 425.16 does not bar a plaintiff from litigating an action that arises from the defendant's free speech or petitioning activity, if it is supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the plaintiff's evidence is credited. (*Navellier*, *supra*, 29 Cal.4th at pp. 88-89, 93.) However, to meet its burden under section 425.16, the plaintiff must produce substantial evidence in support of the claim. (*South Sutter*, *LLC v. LJ Sutter Partners*, *L.P*. (2011) 193 Cal.App.4th 634, 670.) Plaintiffs produced no evidence below, and on appeal they assert, as they did below, that their burden to do so never arose because section 425.16 categorically does not apply to

either their fraud/misrepresentation claim or to their breach of contract claim.  Because they did not meet their burden, the motion was properly granted.**4**

DISPOSITION

The judgment is affirmed.  Defendant Wachovia Mortgage, FSB, is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                                                   J.

We concur:

HOLLENHORST_____
                    Acting P. J.

RICHLI_____
                    J.

---

**4**  We note as well that the litigation privilege set forth in Civil Code section 47, subdivision (b), would also bar the fraud/misrepresentation claim.  (See, e.g., *Home Ins. Co. v. Zurich Ins. Co.* (2002) 96 Cal.App.4th 17, 20-21, 23-24 [litigation privilege bars derivative tort claims based on allegedly fraudulent statements made during settlement negotiations].)

11