Filed 8/7/15  Vogt, Resnick, Sherak, LLPv. Horst CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| VOGT, RESNICK, SHERAK, LLP, | |
| Plaintiff and Appellant, | G050410 |
| v. | (Super. Ct. No. 30-2014-00717337) |
| GLORIA HORST, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Kim R. Hubbard, Judge.  Motion to augment the record on appeal construed as a request for judicial notice.  Order reversed.  Request denied.

Vogt, Resnick, Sherak, in pro. per.; David A. Sherak and Stephan H. Andranian for Plaintiff and Appellant.

Law Offices of Anthony Cosio and R.M. Anthony Cosio for Defendant and Respondent.

\*          \*          \*

Plaintiff Vogt, Resnick, Sherak, LLP appeals from an order granting defendant Gloria Horst's motion to strike its complaint for breach of a legal representation agreement. The motion was based on the ground the action constitutes a strategic lawsuit against public participation (SLAPP). (Code Civ. Proc., § 425.16; all further undesignated statutory references are to this code.) Defendant filed a motion to augment the appellate record to include documents filed in a related conservatorship proceeding. By a prior order, we declared the motion would be construed as a request for judicial notice and decided in conjunction with the appeal.

We now conclude defendant failed to establish the cause of action alleged in plaintiff's complaint arose from activity protected by section 425.16 and reverse the trial court's decision. Since the record fails to reflect defendant timely requested the trial court take judicial notice of the documents filed in the related probate proceeding, and thus granting her request would constitute an improper augmentation of the record on appeal, we deny the request for judicial notice.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff is a law firm. It filed a complaint in the superior court's limited civil division against defendant stating a single cause of action for breach of contract that sought recovery of nearly $16,500 in damages. The complaint alleged that in April 2010 defendant, by written agreement, retained plaintiff "to represent her as temporary and proposed conservator" of her mother in a pending probate proceeding and, in return for its services, she promised to pay "all amounts due on monthly statements for fees and costs incurred." According to the complaint, defendant breached the agreement when she "stopped paying amounts due on the monthly statements sent to her . . . for services rendered pu[r]suant to the parties' legal representation agreement."

2

A copy of the parties' agreement was attached to the complaint. In part, it stated that, in return for plaintiff undertaking "the legal representation of [defendant] as temporary and proposed conservator with respect to the conservatorship," defendant agreed that, "[s]ubject to Court approval, [she] will pay . . . attorneys' fees for the legal services provided under this Agreement at the respective hourly rates of the individuals providing the services when the Court orders the amounts paid from the Conservatorship." The agreement further provided plaintiff's "monthly statements for fees" "shall be due and payable upon Court approval or on account if so approved by the Court."

Defendant responded by filing two pleadings; a demurrer and a motion to strike the complaint as a SLAPP action. The demurrer asserted the complaint failed to state a cause of action because "the alleged contract was not authorized by the Probate Court," and "nowhere is it shown" that defendant is the "legally responsible" party. It also raised the defense of res judicata, claiming "there has been a disposition of attorney fees owed to plaintiff in a previous matter."

The anti-SLAPP motion rested on defendant's activities in the underlying probate matter. In a declaration she described the retainer agreement as "an engagement letter" and claimed that before signing it a paralegal working for plaintiff assured her in an e-mail that "'attorney fees need to be approved by the Court prior to payment, and payment would be made out of your mother's assets.'" After defendant's appointment as conservator, plaintiff filed an accounting on her behalf that included a request for an award of over $19,000 in attorney fees. The court approved the accounting, but limited the fee award to $4,000. Plaintiff sent defendant a letter asking her to sign an acknowledgement that she was personally responsible for the balance of the fees and to submit payment of that amount. Instead, defendant sent plaintiff a check in the amount of the court-approved attorney fees ($4,000) and costs ($1,498.03) and eventually

3

retained new counsel to represent her in the probate proceeding. Plaintiff later sent her a notice of her right to arbitrate the fee issue, and when she failed to exercise that right, filed this lawsuit. Defense counsel also submitted a declaration attaching several exhibits, including the probate court's minute order that approved the accounting and awarded attorney fees of $4,000.

In the motion, defendant argued her petition for appointment as her mother's conservator, acting as conservator, filing an accounting, plus requesting an award of attorney fees, and paying plaintiff the sum awarded by the probate court constituted protected activities because they were statements or writings made before a judicial proceeding or in connection with issues under consideration or review by a judicial body. (§ 425.16, subd. (e)(1) & (2).) She also claimed her actions were protected by the litigation privilege (Civ. Code, § 47, subd. (b)) and that plaintiff failed to obtain court approval of the retainer agreement in compliance with Probate Code section 2647.

Plaintiff responded by asserting evidentiary objections to some of the attached documents and portions of the supporting declarations. It argued the anti-SLAPP motion lacked merit because "the only act, or rather omission, complained of in [the] complaint is Defendant's failure to pay fees and costs under her written attorney fee agreement." (Underscoring omitted.)

At the initial hearing on both pleadings the court, on its own motion, transferred the case to the probate division. The latter court granted the motion to strike the complaint as a SLAPP suit. Subsequently, it took the demurrer off calendar, ruling the order granting defendant's anti-SLAPP motion rendered the demurrer moot.

4

DISCUSSION

## 1. *The Order Granting Defendant's Anti-SLAPP Motion*

Section 425.16, subdivision (b)(1) authorizes a court to strike "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." When ruling on an anti-SLAPP motion a court "engage[s] in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) "We review an order granting or denying a motion to strike under section 425.16 de novo." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)

Plaintiff opposed defendant's anti-SLAPP motion on the sole ground that she "failed to meet her burden" on the first prong. It made no attempt to establish a probability of prevailing on the complaint. On appeal, plaintiff again focuses its argument on the first prong of the anti-SLAPP analysis. Thus, we need only resolve whether defendant established the complaint's sole cause of action arose from her protected activity. (*Applied Business Software, Inc. v. Pacific Mortgage Exchange, Inc.* (2008) 164 Cal.App.4th 1108, 1115.)

On appeal, defendant repeats the argument she made in the trial court. She claims her "actions in seeking authority to act as Conservator, acting as Conservator and seeking fees to compensate [plaintiff] for representing her, . . . and obtaining the order to pay" plaintiff for representing her constituted protected activity because they are either statements or writings "made before a . . . judicial proceeding" (§ 425.16, subd. (e)(1)) or

5

"made in connection with an issue under consideration or review by a . . . judicial body."
(§ 425.16, subd. (e)(2).)  Although it is true the foregoing conduct constitute acts "in furtherance of [her] right of petition or free speech" (§ 425.16, subds. (b)(1), (e)), that alone is not sufficient to uphold the trial court's ruling on the motion.  To justify relief the "cause of action" must be one "arising from" protected activity.  (§ 425.16, subd. (b)(1).)

"[C]ourts applying the anti-SLAPP statute have recognized, the 'arising from' requirement is not always easily met."  (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 66.)  The Supreme Court has declared "the statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.  [Citation.]  In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech."  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.)

Thus, "A cause of action does not 'arise from' protected activity simply because it is filed after protected activity took place.  [Citation.]  Nor does the fact '[t]hat a cause of action arguably may have been triggered by protected activity' necessarily entail that it arises from such activity.  [Citation.]  The trial court must instead focus on the substance of the plaintiff's lawsuit in analyzing the first prong of a special motion to strike."  (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 669-670; *City of Cotati v. Cashman, supra,* 29 Cal.4th at pp. 77-78.)

Plaintiff suggests the SLAPP statute does not apply because this case involves an action for breach of contract.  That is not the law.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92 ["Nothing in the statute itself categorically excludes any particular type of action from its operation, and no court has the '"power to rewrite the statute so as to make it conform to a presumed intention which is not expressed"'"]; *Hecimovich v.*

6

*Encinal School Parent Teach Organization* (2012) 203 Cal.App.4th 450, 473 [no case supports the proposition "that 'breaching a contract is *never* a protected exercise of free speech or right of petition and hence cannot constitute a protected activity for anti-SLAPP purposes'"].)

But cases have rejected efforts to strike an action for breach of contract pursuant to section 425.16 where the complaint was based on nonpetition-related conduct. In *Applied Business Software, Inc. v. Pacific Mortgage Exchange, Inc., supra,* 164 Cal.App.4th 1108, Applied developed software that it licensed to Pacific. Later, Applied sued Pacific in federal court alleging copyright infringement and other claims. The parties entered into a settlement of the federal action that terminated the software license and required Pacific to return the software, stop using it, and certify all copies of the software were deleted from the company's computers. Later, Applied sued Pacific in state court, alleging Pacific breached the settlement agreement by failing to provide the certification and continuing to use the software.

The Court of Appeal affirmed an order denying Pacific's motion to strike the complaint as a SLAPP action. "We find no merit in defendant's contention that (1) because settlement agreements that are entered into in judicial proceedings fit within descriptive provisions in subdivision (e) of section 425.16 (writings made in judicial proceedings, and writings made in connection with issues under consideration in judicial proceedings), and (2) because such settlement agreements are thus the product of an act taken by a party to the judicial proceeding in furtherance of that party's right of petition, then (3) a suit that is brought by one of the signatories to the settlement agreement against another signatory to that agreement for the purpose of enforcing the agreement is necessarily based on the defendant's protected activity because entering into a settlement agreement in a judicial proceeding is protected activity. [¶] . . . [¶] Here, the gist of plaintiff's complaint is not that defendant did something wrong by acts committed during the course of the underlying federal action, but rather that defendant did something wrong

7

by breaching the settlement agreement after the underlying action had been concluded." (*Applied Business Software, Inc. v. Pacific Mortgage Exchange, Inc., supra,* 164 Cal.App.4th at pp. 1117-1118.)

The same analysis applies here. The complaint alleged the parties entered into an agreement for plaintiff to represent defendant in her mother's conservatorship and that she breached the agreement by not "paying amounts due on the monthly statements sent to her . . . for services rendered pu[r]suant to the parties' legal representation agreement." Plaintiff is not suing defendant for actions she took in the underlying conservatorship proceeding. Rather, it claims she breached their agreement by allegedly failing to pay attorney fees billed to her purportedly in accordance with the terms of the legal representation agreement. Defendant's alleged failure to pay the sums demanded by plaintiff in its monthly statement does not constitute protected activity under section 425.16. (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1272 [action for damages and rescission arising from attorney's alleged misfeasance under contingency fee agreement; "Although petitioning activity is part of the evidentiary landscape within which Hylton's claims arose, the gravamen of Hylton's claims is that Rogozienski engaged in nonpetitioning activity inconsistent with his fiduciary obligations owed to Hylton"].)

Defendant asserts several grounds for affirming the trial court's ruling. She argues the language of the parties' agreement and the paralegal's representation that preceded her signing the agreement limits her payment obligation to only court-approved fees. Citing Probate Code provisions governing compensation of attorneys in conservatorship proceedings (Prob. Code, § 2640 et seq.), defendant claims this case "raises . . . concern over billing practices of probate law firms." Further, she contends her failure to pay additional attorney fees to plaintiff are governed by the quasi-judicial immunity doctrine (*McClintock v. West* (2013) 219 Cal.App.4th 540, 550-553) and the litigation privilege. (Civ. Code, § 47, subd. (b).) All of these arguments go to the merits

8

of plaintiff's cause of action and since defendant "has not carried [her] burden of showing the claim[] asserted by plaintiff[] arose from protected activity, we need not and do not reach the secondary inquiry of whether plaintiff[] satisfied the burden of showing probable success on the merits." (*Trilogy at Glen Ivy Maintenance Assn. v. Shea Home, Inc.* (2015) 235 Cal.App.4th 361, 372; *Hylton v. Frank E. Rogozienski, Inc., supra,* 177 Cal.App.4th at p. 1275.)

We conclude the trial court erred in granting defendant's anti-SLAPP motion.

## 2. *The Request for Judicial Notice*

After the record on appeal was filed in this court, defendant moved to augment it to add numerous documents from the underlying probate proceeding. (*Estate of Rejeanne M. Horst* (Super. Ct. Orange County, 2010, No. 30-2010-00359776).) Plaintiff opposed the motion on the ground it was untimely. We issued an order construing the motion as a request for judicial notice and stating the matter would be decided in conjunction with the appeal.

We now conclude the request should be denied. First, defendant makes no showing she timely requested the trial court take judicial notice of the conservatorship proceeding's records. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 ["Reviewing courts generally do not take judicial notice of evidence not presented to the trial court"].) Second, reviewing courts will deny a request for judicial notice where it amounts to an improper augmentation of the appellate record. (*People v. Waidla* (2000) 22 Cal.4th 1, 690, 703, fn. 1.) Augmentation is limited to documents "filed or lodged in the case in superior court," and the trial court's "oral proceedings" contained in either a "certified transcript" or an "agreed or settled statement." (Cal. Rules of Court, rule 8.155(a)(1)(A) & (B).) "The reason behind the rules for augmentation of a record is to make the record conform to the truth, so that an

9

appellate court, in passing on the acts of a trial court, can have before it the proceedings upon which the trial court based its action." (*Lipka v. Lipka* (1963) 60 Cal.2d 472, 480.) The motion "is not available, however, for the purpose of adding material that was not a proper part of the record in the trial court." (*People v. Brooks* (1980) 26 Cal.3d 471, 484.) The documents from the probate action that were considered by the trial court in ruling on defendant's anti-SLAPP motion are contained in the current record on appeal. Further, for the reasons stated above, the remaining probate documents are not critical to our decision on the merits in this case.

## DISPOSITION

The request for judicial notice is denied. The order striking the complaint is reversed and the matter remanded to the superior court for further proceedings. Appellant shall recover its costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

ARONSON, J.

10